# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# (BID PROTEST)

**UNITED DEFENSE, LLC,**

   *Plaintiff,*

v.

**UNITED STATES OF AMERICA,**

   *Defendant.*

Case No. 25-cv-2108
Judge Elaine D. Kaplan

### EVOCATI SOLUTIONS JV, LLC'S UNOPPOSED MOTION TO INTERVENE

Pursuant to RCFC 24(a), Evocati Solutions JV, LLC respectfully moves for leave to intervene as a defendant in this matter and file a motion for judgment on the administrative record in lieu of an answer or responsive pleading.[1] In support of this motion, Evocati shows the Court as follows:

Plaintiff United Defense, LLC protests Solicitation No. W911S0-25-R-A-0001. Evocati, as the apparently successful offeror, is entitled to intervene in this protest as a matter of right because it can satisfy each of the elements of RCFC 24(a)(2).

First, Evocati's motion to intervene, filed two business days after United Defense submitted its protest, is timely. Second, as the apparently successful offeror, Evocati has an interest in the transaction that is the subject of United Defense's protest. *See Galen Med. Assocs., Inc. v. United States*, 56 Fed. Cl. 104, 108 (2003) (generally, parties "whose direct economic interest would be affected by the award of the contract or failure to award the contract"

---

[1] An intervenor's request to file a motion for judgment on the administrative record in lieu of a responsive pleading satisfies RCFC 25(c)'s requirement to file a responsive pleading with the motion to intervene. *Mitchco Int'l, Inc. v. United States,* 149 Fed. Cl. 683, 685 n.2 (2020).

should be permitted to intervene as a matter of right).

Third, we understand based on the allegations asserted at GAO that United Defense alleges, among other things, that Evocati and/or its mentor member, Yorktown Systems Group, Inc., violated the Procurement Integrity Act. In its GAO protest, United Defense asked to have Evocati disqualified from the competition. Because United Defense included Evocati's counsel on its pre-filing notice, we understand United Defense makes those same allegations here. There is no question that Evocati's protection of its interest will be impaired or impeded without intervention. *See Karuk Tribe v. United States*, 28 Fed. Cl. 694, 696 (1993); *Am. Mar. Transp. Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989); *Mitchco Int'l, Inc. v. United States*, 149 Fed. Cl. 683, 685 (2020) (allowing intervention under Rule 24(a)(2) because it was the intervenor that stood "to win or lose" based on the outcome of the protest). Finally, this Court should grant leave to intervene because the existing parties do not adequately represent Evocati's interest. Courts require only a "minimal" showing on this element. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972). Currently, the parties to this case are the United States and Evocati's competitor. None of the current parties are responsible for representing Evocati's interest.

Undersigned counsel has discussed this matter with counsel for United Defense and the United States, both of whom have advised the undersigned that they do not oppose this motion.

Dated:  December 16, 2025

Respectfully submitted,

/s/ W. Brad English
W. Brad English
Emily J. Chancey
Taylor R. Holt
Hunter M. Drake

*Attorneys for Evocati Solutions JV, LLC*

**OF COUNSEL**

MAYNARD NEXSEN PC
655 Gallatin Street
Huntsville, Alabama 35801
(256) 512-5705
benglish@maynardnexsen.com

3